UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KATHRYN TYREE** | : | Civil Action No. 1:23-cv-00325 |
| 622 Coleberry Court | : | |
| Cleves, Ohio  45002 | : | Judge |
| | : | |
| **Plaintiff** | : | |
| | : | |
| -vs- | : | |
| | : | |
| **SEVEN HILLS ANESTHESIA LLC** | : | **COMPLAINT WITH JURY DEMAND** |
| 4030 Smith Road, Suite 325 | : | |
| Cincinnati, Ohio  45209 | : | |
| | : | |
| **Defendant** | : | |

Now comes Plaintiff and for her complaint against the Defendant hereby states as follows.

## THE PARTIES

1. Plaintiff Kathy Tyree ("Kathy") is a former employee of Seven Hills Anesthesia LLC ("Seven Hills"), having been terminated from her employment on or about January 31, 2022.

2. Defendant Seven Hills is an employer as that term is defined under federal law.  It employs more than 20 employees within the State of Ohio.

## JURISDICTION AND VENUE

3. This case arises under Title VII, 42 U.S.C. §2000e et seq. and 29 U.S.C. §626 et seq.  Specifically, jurisdiction rests in this Court for Kathy's federal claims under 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §626(c) and 28 U.S.C. §1331.  The Court's supplemental jurisdiction over Kathy's state law claim is based upon 28 U.S.C. §1367(a).

4. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391(2) as a substantial part of the events giving rise to the claims occurred in this judicial district.

**STATEMENT OF FACTS**

5. Kathy has been an Advanced Practice Registered Nurse ("APRN") and Certified Registered Nurse Anesthetist ("CRNA") for over 20 years. She is a devout Christian.

6. On or about November 14, 2019, Kathy signed a CRNA Employment Agreement with Seven Hills to provide nursing services at Mercy Hospital West Division ("Mercy West"). A copy of the Agreement is attached as Exhibit A and incorporated by reference.

7. Seven Hills provides anesthesiology services at several hospitals and medical facilities in the greater Cincinnati area. It contracts with those hospitals to provide the professional services in support of surgeons with hospital privileges as well as other hospital staff.

8. In the course of its business relationship with various medical providers, Seven Hills strives to maintain a positive business relationship with these third parties. Seven Hills claims that maintaining this positive business relationship is critical in regard to its business model.

9. Kathy began working at Mercy West on behalf of Seven Hills in February of 2020.

10. During the period of Kathy's employment with Seven Hills she performed her job duties in a capable and competent manner.

11. On or about August 12, 2021, Kathy provided to Dr. Kris Durbin, her supervisor, a letter requesting a religious exemption from taking the Covid-19 vaccine. In order to obtain an exemption, she needed a waiver from both Seven Hills and Mercy West. Dr. Durbin responded that Kathy would not be able to continue working at Mercy West without receiving the vaccine.

He told Kathy that he doubted that being a Christian was an exemption. When she asked Dr. Durbin who he believed would be considered for a religious exemption, he said "maybe Indian".

12. In a separate conversation after August 12, 2021, Dr. Durbin told Kathy that since she was unvaccinated she could possibly carry the Delta variant and affect others that she worked with and her coworkers children. There was no evidence to the validity of this statement.

13. On August 27, 2021, Kathy asked Dr. Durbin if he had received any further information regarding her request for exemption. He falsely told her that the exemption has been denied by Mercy West. Kathy requested from Dr. Durbin written confirmation of the denial, but was refused that request.

14. On September 5, 2021, Kathy contacted the Human Resources Director for Seven Hills and inquired whether he had received Kathy's August 12, 2021, religious exemption request from Dr. Durbin. He replied that he had not.

15. On September 10, 2021, Kathy received an email from Dr. Durbin claiming that Mercy West was requiring an additional exemption request from her.

16. On October 1, 2021, over Dr. Durbin's objection, Kathy received a religious exemption from Seven Hills. Subsequently, on December 22, 2021, she received an exemption from Mercy West.

17. Because Dr. Durbin was upset with Kathy's request for a religious exemption, and its subsequent approval by Mercy West, he decided to terminate her in January of 2022.

18. On January 27, 2022, Dr. Durbin contacted Kathy on the telephone and informed her that she was being suspended pending further investigation. Prior to this time, Kathy had not received any written discipline in which it was claimed that she somehow had violated policies and/or procedures at Seven Hills or Mercy West.

19. Upon conclusion of the telephone conversation with Dr. Durbin, Kathy sent an email to Seven Hills Human Resources Department and Mark Grossman, the CEO of Seven Hills requesting in writing the reasons for her termination. No response was received.

20. Subsequently, Kathy was terminated by Dr. Durbin on or about January 31, 2022. There was no legitimate reason for her termination and any reason offered by Seven Hills is pretextual to hide unlawful discrimination based upon Kathy's religious beliefs.

21. On or about February 8, 2022, Kathy filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"). It was assigned Charge No. DAYA6(30177) 02082022. (Attached herein as Exhibit B). Under the work-sharing agreement with the Equal Employment Opportunity Commission ("EEOC") the charge was considered dual filed with the EEOC. It was assigned Charge No. 22A-2022-02542.

22. On February 22, 2023, the EEOC issued a Determination and Notice of Rights Letter which is attached herein as Exhibit C. Kathy received the letter on February 28, 2023. Kathy has satisfied the jurisdictional requirements in order to being claims under Title VII and the ADEA.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (A Claim Under Title VII for Religious Discrimination)

23. Plaintiff realleges the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24. Seven Hills terminated Kathy because of her religious beliefs in violation of 42 U.S.C. §2000e-2(a)(1). Kathy is entitled to all relief as set forth in Title VII and 42 U.S.C. §1988(b) including, but not limited to, reinstatement, reasonable attorney's fees, compensatory and punitive damages, along with a front and back pay award.

25. Kathy further states that in the event the Court or jury finds that religion was a motivating factor in her termination, but that Seven Hills would have terminated Kathy notwithstanding its unlawful motivation, Kathy requests the Court issue a declaratory judgment, injunctive relief, and the payment of her reasonable attorney's fees pursuant to 42 U.S.C. §2000e-2(m) and 42 U.S.C. §2000e-5(g)(2)(B)(i).

## SECOND CAUSE OF ACTION
**(Age Discrimination in Violation of the Age Discrimination and Employment Act ("ADEA")**

26. Kathy realleges the allegations contained in paragraphs 1 through 25 as if fully rewritten herein.

27. Towards the end of Kathy's employment with Seven Hills, it hired at least three recent CRNA graduates who were substantially younger than Kathy. One of these graduates, which will be determined during the discovery in the case, replaced Kathy as a CRNA with Seven Hills.

28. Kathy's termination from Seven Hills occurred because of her age in violation of 29 U.S.C. §626 set seq.

29. As a direct and proximate cause of Seven Hills unlawful conduct, Kathy is entitled to all damages and relief provided under the ADEA.

## THIRD CAUSE OF ACTION
**(Breach of Contract)**

30. Kathy realleges the allegations contained in paragraphs 1 through 29 as if fully rewritten herein.

31. Under Kathy's contract with Seven Hills as set forth in paragraph 11 was for an initial term of two years. The agreement automatically renewed for a successive one year term unless Seven Hills gave notice in writing at least ninety (90) days prior to the expiration of the

initial term that it did not intend to renew Kathy's contract. Seven Hills did not provide the required 90 day notice, so the contract automatically extended for an additional year to February of 2023.

32. Seven Hills breached the contract by failing to adhere to paragraph 11.

33. As a direct and proximate cause of Seven Hills' breach, Kathy is entitled to her salary, bonus, lost benefits, and any other additional relief under the contract.

34. Kathy states that Seven Hills' breach of the contract was willful and bad faith thereby entitling her to reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at trial, but believed to be in excess of $100,000; reasonable attorney's fees, prejudgment interest, a back pay and front pay award, or alternatively reinstatement, liquidated damages, and any other relief this Court deems appropriate. Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KATHLEEN R. BYRNE (0099931)**
JACOBS, KLEINMAN, SEIBEL & McNALLY, LPA
Cincinnati Club Building
30 Garfield Place, Suite 905
Cincinnati, Ohio 45202
Phone: (513) 381-6600
Fax: (513) 381-4150
E-mail: mbyrne@jksmlaw.com
kbyrne@jksmlaw.com
*Attorneys for Plaintiff*