UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHRYN TYREE,

Plaintiff,

Case No. 1:23-cv-325

McFarland, J.
Bowman, M.J.

SEVEN HILLS ANAESTHESIA LLC,

Defendant.

**ORDER**

This case is currently before the court on Mercy Health's non-party motion to quash subpoena (Doc. 17), and the parties responsive memoranda. (Docs. 22, 23).

**I. Background and Facts**

The Complaint alleges claims for religious discrimination under Title VII, age discrimination under the ADEA, and a state law breach of contract claim arising out of Plaintiff's employment with Defendant Seven Hills Anesthesia (Seven Hills). (Doc. 1). Plaintiff was employed as an Advance Practice Registered Nurse and Certified Nurse Anesthetist. (Doc. 1 at ¶ 5). Seven Hills contends that it terminated Plaintiff in part because of substandard patient care. Seven Hills identified the patients it claims are the basis for its position. Plaintiff contends that Seven Hills has not produced any documents which supports its articulated reason for her separation.

On December 16, 2024, following a discovery conference with the parties, the Court entered a Protective Order. (Doc. 15). The Protective Order identified certain "protected health information" which "shall expressly include information related to any and all documentation relating to patients with whom Plaintiff interacted in any way in or

around January 2022 in the course of her then employment with Seven Hills and which interactions were considered as part of Seven Hills' decision to terminate Plaintiff's employment, including but not limited to: initial evaluations, re-evaluations, plans of care, progress notes, treatment grids, discharge evaluations, and billing records for services." Id. at ¶ 2. In general, the Protective Order addressed the possible use and disclosure of the "protected health information." The Protective Order states that the protective health information which may be disclosed in the case "is subject to the protections provided for in the Health Insurance Portability and Accountability Act of 1996 (HIPAA)." Id. at ¶ 3. "Notwithstanding those privileges and protections," the Protective Order requires Seven Hills to disclose "the names of the patients with whom Plaintiff interacted in any way in or around January 2022 in the course of her then-current employment with Seven Hills and which interactions were considered as part of Seven Hill's decision to terminate Plaintiff's employment, which patient names constitute protected health information." Id. at ¶ 4.

Thereafter, on January 8, 2025, Plaintiff served non-party Mercy Health with a subpoena to produce documents comprising confidential medical records and protected health information over a two year time period from 2021-2022 of 12 named individuals who may have been patients of Defendant Seven Hills at Mercy Health. (Doc. 17, Ex. 1). The subpoena was served on January 16, 2025. (Doc. 18-1). Plaintiff filed a notice of service with the Court on February 8, 2025. (Doc. 18). Mercy Health filed Objections and Motion to Quash on February 10, 2025, asserting, inter alia, that the subpoena is overly broad, vague, and requires disclosure of privileged and confidential matters. (Doc. 20).

Subsequently, counsel for Plaintiff and Mercy Health discussed Mercy's position on an informal basis by telephone on February 12, 2025. Counsel for Mercy indicated

that in order to determine the extent of the documents which may be responsive to the subpoena, Mercy needed additional patient identifiers for the patients for whom records were requested. The parties purportedly agreed that such additional information could be accomplished by providing a date of birth.

Thereafter, on February 12, 2025, Plaintiff's counsel emailed counsel for the Defendant informing Defendant's counsel that issues relating to the subpoena served on Mercy may be able to be resolved. (Doc. 22, Ex. A). However, Mercy asserted that it needed additional identifiers including dates of birth for the patients identified by Seven Hills in the subpoena. On February 20, 2025, counsel for Plaintiff followed up on the request for patient identifiers. Mercy Health notes that it received the dates of birth for the twelve (12) patients in question. As such, Mercy Health withdraws its vagueness objection to Plaintiff's subpoena. [1]

**II. Analysis:**

Rule 45 of the Federal Rules of Civil Procedure permits parties in legal proceedings to command non-parties to attend depositions. Fed. R. Civ. P. 45(a)(1). Determining the scope of subpoenas is within the court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Rule 45 mandates that courts must quash or modify subpoenas that place "undue burden" upon the persons served. Fed. R. Civ. P (45)(c)(3)(iv). "In considering whether the discovery sought is unduly burdensome, the Court considers whether 'the burden or expense of the proposed discovery outweighs its

[1] Mercy however, contends that it will require additional time to obtain the records in question and determine the most appropriate manner to ensure that any records or non-party patient information that may hereafter be produced is, indeed, relevant, warranted, and directly responsive to the material question(s) presented by this dispute between the parties.

likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues.'" *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, No. 2:11–mc–16, 2011 WL 4714000, *1, *5 (S.D. Ohio 2011) (quoting Fed.R.Civ.P. 26(b)(2)(C)(iii) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir.2007)). Courts also consider nonparty status to be a significant factor in the undue-burden analysis. *Charters v. John Hancock Life Ins. Co.*, No. 09–50157, 2009 WL 818185, *1, *2 (E.D. Mich. 2009) (citing *N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D.D.C.2005)).

Plaintiff asserts that she has three mechanisms for obtaining a non-party's medical records. They are (1) a HIPPA-compliance court order; (2) a HIPPA-complaint authorization/release signed by the nonparty; or (3) Rule 45 subpoenas. *Bergund v. TradeSource, Inc*., No. 2:19-cv-1953, 2021 U.S. Dist. LEXIS 46535 at ¶3, 2021 WL 940285 (S.D. Ohio March 12, 2021). Plaintiff contends that the Protective Order in this case authorizes the disclosure of protected health information in Mercy's possession. Mercy, however, argues that the information requested in Plaintiff's subpoena exceeds the prescribed limits of the Court's Qualified Protective Order. As noted above, Mercy argues that the subpoena is overly broad, vague, and requires disclosure of privileged and confidential matters. The arguments will be addressed in turn.

*A. Factual Objections*

Plaintiff argues that the subpoena is overbroad in time. Notably, the time period specified for patient medical files in the Plaintiff's Subpoena is 2021-2022, a two-year period. However, the time period specified in the Protective Order identifies the "protected health information" at issue as "information related to any and all documentation relating

to patients with whom Tyree interacted in or around January 2022." (Doc. 15, ¶ 2). Moreover, Kristopher Durbin, M.D., the President of Seven Hills, testified at his deposition that the patient care incidents he reviewed and relied on to recommend terminating Plaintiff occurred in January 2022. (Doc. 22, Ex. D, pp. 17- 19, 168-170). As such, the undersigned agrees the relevant time period for the requested record production is January 2022.

Next, the demand in the Subpoena is for "all patient files" for each individual; however, the "protected health information" covered by the existing Protective Order extends only to interactions between Plaintiff and the named individuals. As noted by Mercy, Plaintiff has conceded in her response to the instant motion to quash that "she does not seek any records other than those which relate to the care she provided to the identified Mercy Health patients, upon which Seven Hills relied to claim she provided substandard care." The undersigned agrees that, to the extent possible, the production should be limited to care provided by Plaintiff to the identified individuals.

The care provided by Plaintiff to the identified Mercy patients in January 2022 is relevant to this matter. As noted above, Dr. Durbin testified that he relied on such information in deciding to terminate Plaintiff. Accordingly, the undersigned finds the patient files should be limited to care provided by Plaintiff to the identified Mercy patients in January 2022.

*B. Legal Objection Confidentiality Issues*

Mercy further argues, *inter alia*, that the subpoena requires the disclosure of privileged matters under federal and state law. In this regard, Mercy notes that the Ohio Supreme Court has also made it clear that "in the absence of prior authorization, a

physician or hospital is privileged to disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest which outweighs the patient's interest in confidentiality." *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 402 (Sept. 15, 1999). In the absence of patient consent or a specific court order for such, the subpoena must meet specialized requirements in order to be enforceable under HIPAA. *See In re Guardianship of Clark*, 2009-Ohio-3486; 45 C.F.R. 164.512(e).

Thus, Mercy contends that there must be an independent determination of the reasonable relevance, scope, breadth, and necessity of the requested non-party protected health information before appropriate production under the law can be made. After such judicial scrutiny, Mercy asks for an order from this Court to ensure that the requested disclosure of protected non-party patient health information is completed appropriately and in accordance with the law. Mercy's request is well-taken. As noted above, the undersigned agrees that the disclosure of patient patient files should be limited to the care provided by Plaintiff to the identified Mercy patients in January 2022.

Accordingly, the undersigned finds that non-party Mercy's motion to quash subpoena (Doc. 17) is **GRANTED IN PART AND DENIED IN PART,** consistent with the terms of this Order. [2]

**IT IS SO ORDERED.**

/s Stephanie K. Bowman
Stephanie K. Bowman
United States Chief Magistrate Judge

[2] To the extent the parties have objections to this Order, please set up an informal conference with the Court prior to filing formal objections with the District Judge.